J-S48018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1176 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006746-2022

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 9, 2025**

Appellant Sean Williams appeals from the judgment of sentence imposed after he entered an open guilty plea to third-degree murder, conspiracy to commit third-degree murder, robbery, and possessing an instrument of crime (PIC).[1] On appeal, Appellant challenges the discretionary aspects of his sentence. After review, we affirm.

The trial court summarized the facts of this matter as follows:

On September 22, 2021, police officers found Phillip Wise ("the decedent")[2] laying in the middle of the street near the 5600 block of Osage Avenue, in Philadelphia, [Pennsylvania]. The decedent was transported to the hospital, where he was listed in critical condition. On September 23, 2021, the decedent died.

---

[1] 18 Pa.C.S. §§ 2502(c), 903, 3701(a)(1)(i), and 907, respectively.

[2] The record reflects that the decedent was Appellant's uncle. *See* N.T., Sentencing, 3/7/24, at 25.

Police officers recovered surveillance video from the Diamond Palace located at 416 South 56th Street. Surveillance video showed both the murder and the events leading up to it. The decedent exited the passenger side of a blue vehicle. He then engaged in conversation with two males who were later identified as Appellant and Co-defendant, Kyle Smith. Appellant and Co-defendant began to assault the decedent and knocked him to the ground. While the decedent was lying on the ground, Appellant and Co-defendant rummaged through his pockets. Appellant and Co-defendant then walked west on Osage Avenue, past the Diamond Palace, and into a stairwell leading to a residence on Osage Avenue.

The decedent got up off of the ground, walked across South 56th Street, and got into the front passenger side of the blue vehicle. A few moments later, Appellant and Co-defendant walked towards the decedent. While doing so, Appellant removed a dark-colored zip-up jacket that he was wearing. Co-defendant approached the passenger side door, opened the door, and began to pistol-whip the decedent in the face with a firearm. The decedent broke away, but Appellant chased him into the intersection of South 56th Street and Osage Avenue. Both Appellant and Co-defendant began to punch the decedent repeatedly. As they were doing so, Co-defendant pulled a firearm out of his waistband and shot the decedent one time in the head.

An autopsy was conducted on the decedent's remains by Dr. Julia de la Garza-Jordan, of the Philadelphia Office of the Medical Examiner. Dr. de la Garza-Jordan ruled that the cause of death was a perforating gunshot wound to the head, and the manner of death was ruled a homicide. These findings were made to a reasonable degree of scientific certainty.

On December 27, 2023, Appellant entered a non-negotiated open guilty plea to one (1) count of third-degree murder, one (1) count of conspiracy to commit third-degree murder, one (1) count of robbery — inflict serious bodily injury ("Robbery — SBI"), and one (1) count of [PIC]. Sentencing was deferred pending the completion of the presentence investigation report. . . .

Trial Ct. Op., 6/21/24, at 1-2 (some formatting altered).

On March 7, 2024, the trial court sentenced Appellant to a term of twenty to forty years of incarceration for third-degree murder, ten to twenty years of incarceration for robbery, ten to twenty years of incarceration for conspiracy, and imposed no further penalty for PIC. *See* N.T., 3/7/24, at 30-31. The sentences for conspiracy and robbery were ordered to be served concurrently with each other and consecutively to the sentence for third-degree murder. *See id.* This resulted in an aggregate sentence of thirty to sixty years of incarceration. *See id.*

Appellant filed a timely post-sentence motion, which the trial court denied on March 21, 2024. Appellant filed a timely notice of appeal on April 22, 2024.[3] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Was the [trial c]ourt's excessive and partly consecutive-in-nature sentence, an abuse of discretion, where the sentence was a) more than necessary to protect the public as Appellant has no violent prior record; b) more than necessary to vindicate the decedent's family, and where . . . Appellant exhibited extreme remorse at sentencing and immediately after the shooting, when he called the decedent's wife to apologize; c) where Appellant accepted responsibility by pleading guilty; d) has meaningful familial/community support; e) was a single parent raising two small children; f) where Appellant has

---

[3] In order to be considered timely, Appellant needed to file his appeal within thirty days from the date of the order denying his timely filed post-sentence motion. *See* Pa.R.A.P. 903; Pa.R.Crim.P. 720(A). The thirtieth day fell on Saturday, April 20, 2024, and Appellant filed his notice of appeal on Monday, April 22, 2024. Accordingly, Appellant's appeal was timely filed. *See* 1 Pa.C.S. § 1908 (noting that the computation of time excludes the first and last day of the period, and that when the last day of the period falls on a Saturday, Sunday, or legal holiday, that day is omitted from computation).

substance abuse and mental health issues stemming from childhood trauma, abuse and neglect?

2. Was the aggregate sentence of 30 to 60 years of incarceration excessive in light of the insufficient factual basis for murder-3, where although Appellant committed robbery in concert with another, the murder was a separate, unexpected and unforeseeable escalation that was independent of Appellant's actions and intent. Therefore, this lack of culpability for the murder-3 offense, in addition to Appellant's exceptional remorse, makes the sentence excessive as applied to him?

Appellant's Brief at 4 (formatting altered).

In his first issue, Appellant argues that the trial court abused its discretion and imposed an excessive sentence by failing to consider relevant sentencing factors and mitigating evidence. *See* Appellant's Brief at 18-23.

Appellant's argument presents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Watson*, 228 A.3d 928, 934–35 (Pa. Super. 2020) (providing that claims that a sentence is excessive and that the trial court failed to properly consider mitigating factors challenges the discretionary aspects of sentencing). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

- 4 -

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant filed a post-sentence motion,[4] a timely notice of appeal, and a court-ordered Rule 1925(b) statement, and that he included a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at

---

[4] In his post-sentence motion, Appellant stated: "[Appellant's] sentence was excessive and unfair, and that the [trial c]ourt should reconsider the same;  . . . in fashioning his sentence, the [trial c]ourt did not give due weight to the multitude of mitigating factors." Post-Sentence Mot., 3/13/24, at ¶4.

- 5 -

296. Further, we conclude that Appellant's claim raises a substantial question for our review. **See Commonwealth v. Raven,** 97 A.3d 1244, 1253 (Pa. Super. 2014) (providing that a claim that a sentence was excessive in conjunction with an assertion that the court failed to consider mitigating factors raises a substantial question) (citation omitted)).[5]

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

_____

[5] We note that Appellant also argues that the trial court imposed a sentence for robbery that was outside the standard range of the sentencing guidelines without providing its reasons and claims that the court abused its discretion by imposing a sentence that was partially consecutive in nature. **See** Appellant's Brief at 18-23. However, Appellant did not include these issues or any challenges to the application of the sentencing guidelines in his post-sentence motion. Therefore, we conclude that the issues are waived on appeal. **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (explaining that challenges to the discretionary aspects of a sentence must be included in a post sentence motion); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (stating that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings" and that "[a]bsent such efforts, an objection to a discretionary aspect of a sentence is waived"); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Raven**, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its

- 7 -

reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court must consider the applicable sentencing guidelines. **Fullin**, 892 A.2d at 848. However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered); **see also Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (providing that where the trial court has the benefit of a PSI report, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. **See Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" **Id.** (citation omitted).

Here, the record reflects that the trial court considered the facts of the case, the video evidence of the murder itself, Appellant's decision to enter a guilty plea, Appellant's alleged remorse, the sentencing guidelines, and the PSI report. *See* N.T., Sentencing, 3/7/24, at 6, 11-17; Trial Ct. Op., at 9-10, 17. In its opinion, the trial court acknowledged Appellant's apology and alleged remorse and stated: "Appellant's attempt to distance himself from the murder and the events leading up to it, while simultaneously apologizing to his own aunt, [who was the decedent's wife,] suggests an ulterior motive for the apology, and not extreme remorse." Trial Ct. Op., at 9. The trial court further considered the character letters sent on Appellant's behalf, Appellant's family responsibilities, and Appellant's mental health history, drug use, and history of trauma and abuse. *See id.* at 10-11; N.T., Sentencing, 3/7/24, at 5-6, 29-30. Regarding mitigating factors, the trial court explained:

> [d]espite the above mitigation factors, including Appellant's mental health, physical abuse, and substance abuse history, and familial and community support, the brutal nature and gravity of the murder and robbery of the decedent were reflected in the sentence that this [c]ourt imposed on Appellant. Taking into consideration mitigation factors raised during argument, filed memoranda, the psychological evaluation, character letters, and the [PSI] report, this [c]ourt did not abuse its discretion in imposing sentence upon Appellant, and therefore the sentence should not be disturbed.

Trial Ct. Op., at 11.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T., 3/7/24, at 5; *see*

*also* Trial Ct. Op., at 2, 9. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. **See Edwards**, 194 A.3d at 638; **see also Kurtz**, 294 A.3d at 536. Further, the trial court considered the sentencing guidelines,[6] and the PSI report and relevant sentencing factors in crafting Appellant's sentence. **See** N.T., 3/7/24, at 5-6; Trial Ct. Op., 6/21/24, at 9-11. This Court will not re-weigh the trial court's consideration of those factors on appeal. **See Kurtz**, 294 A.3d at 536; **see also Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of a sentencing court where the lower court was fully aware of all mitigating factors). We have no basis to conclude that Appellant's sentence was clearly unreasonable. **See Raven**, 97 A.3d at 1254; **see also Antidormi**, 84 A.3d at 760. For these reasons, we conclude that Appellant is not entitled to relief on his first claim of error.

---

[6] The trial court specifically addressed and stated its awareness of the sentencing guidelines applicable to third-degree murder and the related conspiracy charge. **See** N.T., 3/7/24, at 6; Trial Ct. Op., at 16-17. It is not clear from the record whether the trial court specifically addressed the sentencing guidelines applicable to the robbery charge. However, as noted above, Appellant did not raise a challenge concerning the sentencing guidelines in his post-sentence motion, and therefore, we conclude that any claim that the trial court failed to properly consider the sentencing guidelines is waived. **See Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (explaining that challenges to the discretionary aspects of a sentence must be included in a post sentence motion); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

In his second issue, Appellant argues that the facts of the case were not sufficient to support third-degree murder and that Appellant's "lack of culpability" in addition to his remorse reflect that the sentence was excessive. *See* Appellant's Brief at 23-27. Further, Appellant argues that the evidence "was arguably insufficient" to establish murder and conspiracy and that he was a "witness and not a participant to a homicide." *Id.* at 23-25.[7] Appellant contends that "[t]he murder was truly a separate, unexpected and unforeseeable escalation that was independent of [A]ppellant's actions and intent." *Id.* at 25.

Upon review, Appellant did not preserve his claim that the trial court abused its discretion by failing to consider Appellant's alleged lack of culpability as a mitigating sentencing factor because Appellant did not explain 'lack of culpability' nor what mitigating factors the trial court failed to consider. *See* Post-Sentence Mot., 3/13/24, at ¶4 (reflecting Appellant's overbroad, boilerplate claim that the trial court abused its discretion in sentencing him to an excessive sentence and "did not give due weight to the multitude of mitigating factors"). Consequently, we conclude that Appellant waived his

_____

[7] Appellant's arguments that the facts of this matter were insufficient to support third-degree murder and conspiracy were waived when Appellant entered his guilty plea. *See Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa. Super. 1998) (stating that "[i]t is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea"). Therefore, to the extent that Appellant claims the evidence was not sufficient to support third-degree murder and conspiracy, his challenges are waived. *See id.*

claim that the trial court failed to consider his alleged lack of culpability. *Moury*, 992 A.2d at 170; *see also Cartrette*, 83 A.3d at 1042.[8]

Appellant then repeats the argument from his first issue wherein he alleged that the trial court failed to consider mitigating factors, including Appellant's remorse. *See* Appellant's Brief at 26-27. First, to the extent that Appellant is arguing a new issue that the trial court failed to specifically consider his culpability as a mitigating factor, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020). As such, Appellant second issue does not present a substantial question. *See id*.

Further, even if we were to conclude that Appellant raised a substantial question on this issue, we would conclude no relief is due. As we explained in our disposition of Appellant's first issue, the trial court had the benefit of a PSI, and we presume that the trial court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Antidormi*, 84 A.3d at 761; *Macias*,

---

[8] Although this claim concerning Appellant's alleged lack of culpability appears for the first time in Appellant's Rule 1925(b) concise statement, that does not preserve the issue for appeal. *See* Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings") (citation omitted).

968 A.2d at 778.  We reiterate that this Court will not re-weigh the trial court's consideration of those factors on appeal.  ***See Kurtz***, 294 A.3d at 536; ***see also Macias***, 968 A.2d at 778.  We have no basis to conclude that Appellant's sentence was clearly unreasonable.  ***See Raven***, 97 A.3d at 1254; ***see also Antidormi***, 84 A.3d at 760.  For these reasons, we conclude that Appellant is not entitled to relief.  Accordingly, we affirm.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2025